UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

ROGER BENNETT, *ET AL.*        )
                               )
v                              )        NO:  2:05-CV-88
                               )
WAL-MART STORES, INC.          )

**ORDER**

This action, filed on behalf of the plaintiffs and other similarly situated Tennessee consumers, was filed originally in the Circuit Court for Washington County, Tennessee. On March 28, 2005, it was removed to this Court by the defendant, Wal-Mart Stores, Inc., who contends that this Court has jurisdiction by virtue of diversity. Because the jurisdiction of this Court is at issue, the Court will review the removal *sua sponte*.

The plaintiffs allege that the defendant, who is also named as a representative of a defendant class of Tennessee merchants, has violated the Tennessee Consumer Protection Act, as well as other state law causes of action, by passing on to its customers the cost to it of Visa and MasterCard debit transactions, which it recouped, at least in part, through the settlement of a lawsuit filed against Visa and MasterCard in federal court in New York.

The plaintiffs have carefully worded the complaint to avoid alleging any federal cause of action, and to avoid the amount in controversy requirements of diversity jurisdiction. In the complaint, the plaintiffs specifically disavow any recovery in excess of $74,000.00, stating:

> The total amount in controversy as to each Plaintiff and each individual Class Member alleged herein, including actual, compensatory, treble, or punitive damages; restitution; injunctive, declaratory and/or other equitable relief of any nature; and/or any other unspecified relief, does not exceed seventy-four thousand ($ 74.000.00) each, exclusive of interest and costs. Plaintiff seeks no form of "common" recovery. Plaintiff does not seek statutory attorneys' fees, but seeks attorneys' fees only from a common fund. Nor does plaintiff assert a claim under the federal laws of the United States. Plaintiff's state law claims are not federally pre-empted.

The defendant asserts that this disclaimer of relief in excess of $74,000.00 is insufficient, insisting that the plaintiff's complaint actually seeks damages in excess of $74,000.00, and that it is more likely than not that the plaintiff's claims will meet the amount in controversy requirement.

To determine whether the amount in controversy has been satisfied, the Court must examine the complaint at the time it was filed. *St. Paul Mercury Indemnity Co., v Redcap Co.*, 303 U.S. 283, 888, 58 S. Ct. 586 (1938). "[T]he amount alleged in the complaint will suffice unless it appears to a legal certainty that the plaintiff in

2

good faith cannot claim the jurisdictional amount. A plaintiff in a diversity case may defeat removal to federal court by suing for less than the jurisdictional amount." *Id.* At 294. When a plaintiff's complaint does not set forth a specific amount of damages sought, the amount in controversy requirement is satisfied when the defendants prove that the amount "more likely than not" exceeds the jurisdictional requirement. *Gafford v. General Electric Elec. Co.*, 997 F. 2d 150, 150 (6th Cir. 1993). In addition to a defendant asserting a good faith belief that the amount in controversy exceeds the jurisdictional requirement, the defendant must also provide facts in its removal documents which form the basis of its belief. *Thompson v. Fristsch*, 1966 F. Supp. 543, 545 (E.D. Mich. 1997).

Defendant argues that the Sixth Circuit decision in *Rogers v. Wal-Mart Stores, Inc.*, 230 F. 3d 868 (6th Cir. 2000), in which the Court found removal proper, despite the plaintiff seeking less than $75,000 in her complaint, controls. However, *Rogers* is factually dissimilar to this case. In *Rogers*, plaintiff originally filed suit seeking approximately $950,000.00 in damages. After Wal-Mart removed the case to the District Court for the Western District of Tennessee on diversity grounds, the case was voluntarily dismissed by joint stipulation. When Rogers filed a new complaint in Tennessee State Court arising out of the same occurrence, the plaintiff sought to recover an amount "not exceeding $75,000.00." After Wal-Mart again removed the

case to the U.S. District Court, the plaintiff submitted an affidavit stipulating that she would not seek damages in excess of $75,000.00. However, prior to the dismissal of the first action, the plaintiff made sworn responses to discovery requests stating that her damages exceeded $447,000.00.

The Court held that a post removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand, since jurisdiction is determined at the time of removal. *Id.* Noting that Rule 54.03 of the Tennessee Rules of Civil Procedure would permit the plaintiff a recovery in excess of that sought in the complaint, the court held that, given the plaintiff's previous demands and discovery responses, her damages would "more likely than not" exceed $75,000.00. *Id.* at 873.

In the present case, the plaintiffs represent in their complaint that damages will not exceed in excess of $74,000.00. The defendant argues that because the plaintiffs seek to recoup the complete cost of all goods and services purchased from merchants in the putative defendant class for the past 25 years, it is inconceivable that their claimed damages do not exceed $75,000.

It is incumbent upon the defendant in a removal petition to establish that more likely than not the plaintiffs' claims meet the amount in controversy requirement. The Court is of the opinion that the defendant has failed to carry this burden. The

4

Court will not look past the plaintiffs' allegation that their damages do not exceed $74,000 to the defendant's speculation about what purchases might have been made by the plaintiffs from members of the putative defendant class, since the plaintiffs, given the information before this Court, are clearly in a better position to know what purchases they made.

Accordingly, the plaintiffs' complaint is hereby **REMANDED** to the Circuit Court for Washington County, Tennessee.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE